

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 13, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-452

Re: May an independent school
district contract with an
attorney to collect de-
linquent taxes for 15%
thereof as his fees?

We are in receipt of your letter of March 9, 1939, re-
questing our opinion as to whether an independent school district
may legally contract to employ an attorney to collect delinquent
taxes, paying him 15% of the taxes collected as his fees.

Articles 7335 and 7335a, Revised Statutes, provides auth-
ority for commissioners' court to enter into contracts with attor-
neys to collect delinquent taxes and to pay such contracting attor
neys up to 15% of the amount collected as compensation.

We quote Article 7343, Revised Statutes, in full as fol-
lows:

"In any incorporated city or town in which any
tracts, lots, outlots or blocks of land, situated within
the corporate limits of said city or town have been re-
turned delinquent, or reported sold to said city or
town for the taxes due thereon, the governing body may
prepare or cause to be prepared lists of delinquents
in the same manner as provided in this chapter, and such
lists shall be certified to as correct by the mayor of
said city or town, if any, and if said city or town has
no mayor, by the presiding officer of the governing
body. After said lists have been properly certified to,
the governing body of the city may cause lists of de-
linquents to be published in a newspaper as provided for

Hon. Geo. H. Sheppard, March 13, 1939, Page 2

State and county delinquent taxes in this law. When twenty days from the date of last publication of said list or lists of delinquests has elapsed, the governing body of the city or town may direct the city attorney to file suits for collection of said taxes, or said governing body may employ some other attorney of the county to file suits and the city attorney or other attorney filing said suits shall be entitled to the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit. Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the county to file suit. The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes. No other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits. The employment of an attorney to file suit for taxes for cities, towns or independent school districts shall authorize said attorney to file said suits, swear to the petitions and perform such other acts as are necessary in the collection of said taxes.

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

In the case of City of Houston v. Dabney, 120 S. W. (2d) 437, Com. Apps., it was held that in view of provision first above underlined in Article 7343 that an attorney employed by a city "shall be entitled to the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit," the concluding paragraph of said Article 7343 did not have the effect of making Article 7335 available to a city employing an attorney for such purpose.

In said Article 7343, after providing for the employment of an attorney, other than the county attorney, to collect independent school district taxes, it is further provided that "the county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes."

There is no substantial difference between the language used by Article 7343 governing the compensation of an outside attorney representing a city and that prescribing the compensation for an attorney representing an independent school district in such a capacity. In neither instance is the language broad enough to embrace the compensation allowed by Articles 7335 and 7335a for the collection (whether by suit or otherwise) of delinquent taxes for the county and state. The attorney for the school district is limited to the "same fees as provided by law in suits for county and State taxes."

Under the authority of City of Houston v. Dabney, supra, your question is necessarily answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N

APPROVED

ATTORNEY GENERAL OF TEXAS